**POTOMAC IRON WORKS and Reliance Insurance Company, Petitioners,**

v.

**David LOVE and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 81–1628.

United States Court of Appeals, District of Columbia Circuit.

Argued March 3, 1982.

Decided March 19, 1982.

Jeffrey Wayne Ochsman, Washington, D. C., with whom Gerald Herz, Washington, D. C., was on brief, for petitioners.

Charles L. Janes, Columbus, Ohio, for respondent Love. Robert B. Adams, Washington, D. C., was on the brief, for respondent Love.

Before TAMM and EDWARDS, Circuit Judges and McGOWAN, Senior Circuit Judge.

Opinion PER CURIAM.

PER CURIAM:

Respondent David Love sustained injuries to his left eye in January 1976, while employed by the James McHugh Construction Co., and in July 1976, while employed by Potomac Iron Works. Following an informal conference in December 1978, the employers' respective insurance carriers

agreed to pay Love temporary total disability payments. While receiving such payments, Love participated in a vocational rehabilitation program, first in Washington, D.C., and then in Michigan, where he had moved. In May 1978, he began full-time employment in Michigan.

A dispute as to his entitlement to further payments subsequently arose, and the carriers began to pay benefits at an irregular rate less than Love's claimed entitlement. In order to resolve this dispute, he requested another informal conference. App. No. 2, at 14.* Such a conference was held in Washington, D.C. on August 14, 1979. Respondent Love attended this conference, and in so doing incurred $144.00 in travel expenses.

Following the conference and pursuant to the recommendation of the claims examiner, the carriers resolved to compensate Love for permanent total loss of vision in his left eye. The examiner also recommended that the two carriers pay Love the cost of his travel. Reliance Insurance Company and its insured, Potomac Iron Works, contested this assessment of travel expenses before an administrative law judge, who sustained the recommendation, and then before the Benefits Review Board. Over a dissent, the Board declined to exercise its jurisdiction to review the assessment, holding that the matter presented no "substantial issue of law or fact." App. No. 1, at 32. Consequently, the award of the administrative law judge was permitted to stand. It is from this decision that petitioners Potomac and Reliance appeal.

An informal conference is a proceeding in which the deputy commissioner may attempt to resolve compensation disputes expeditiously. It may be conducted, by telephone or in person, at the deputy commissioner's office. 20 C.F.R. § 702.311 (1981). In addition, the deputy commissioner has the discretionary authority to schedule the conference at any place that he or she believes will be of greater convenience to the parties. 20 C.F.R. § 702.314 (1981). Formal hearings, on the other hand, are conducted by an administrative law judge. 20 C.F.R. § 702.332 (1981). The presiding administrative law judge is charged with "inquir[ing] fully into the matters at issue and ... receiv[ing] in evidence the testimony of witnesses and any documents which are relevant and material to such matters." 20 C.F.R. § 702.338 (1981).

If the parties are unable to reach agreement in the course of an informal conference, they may request a hearing before an administrative law judge, 20 C.F.R. § 702.-316 (1981), whose decision they may appeal to the Board. 33 U.S.C. § 921(b)(3) (1976). Likewise, in the case of a formal hearing, appeal is to the Board. *Id.* The Board, in either circumstance, has jurisdiction in cases raising "a substantial question of law or fact." *Id.* Appeal from the Board is to the United States court of appeals for the circuit in which the injury occurred. *Id.* at § 921(c) (1976).

No statute or regulation appears to provide in terms for assessment of a party's expenses incurred in traveling either to an informal conference or to a formal hearing. The Benefits Review Board has, however, relied on the "humanitarian intent and spirit" of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1976), the relevant compensatory legislation in the instant case, in awarding "reasonable and necessary miscellaneous costs" to a successful claimant "in those cases where an attorney's fee is awarded." *Bradshaw v. McCarthy, Inc.*, 3 B.R.B.S. 195, B.R.B. Nos. 75–209 and 75–209A (January 26, 1976). The instant case is not a case in which attorney's fees were awarded.

The parties have indicated, both in their briefs and at oral argument, that this is a case of first impression for this and all other courts of appeals. The issue before the court—whether an administrative law judge may award travel expenses to suc-

---

* The parties filed two appendices in this case. For purposes of this opinion they are designated to reflect the order in which they were filed.

cessful claimants following informal conferences—presents a pure question of law with respect to the source and scope of the agency's authority to make an award of the kind involved in this case. It is also an issue of some moment. While the sum at stake in this litigation is miniscule, one can easily envision far greater sums in dispute in the future.

The Benefits Review Board is the administrative body with final responsibility for reviewing awards of compensation and related costs. The explicit resolution of the legal question as to the authority to make an award for this type of expense should surely be by the Board in the first instance as the agency charged with the administration of the statute. Consequently, we reverse and remand to the Board for a determination whether the administrative law judge in this case acted within her proper sphere of discretion in awarding travel expenses to respondent.

*It is so ordered.*